IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JUSTYN A. GRIMSLEY, *individually and on behalf of all persons similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>ENVIRONMENTAL MANAGEMENT SPECIALISTS, INC.<br><br>Defendant. | Case No.:  2:15-cv-2371<br><br>CIVIL ACTION<br>COLLECTIVE AND CLASS ACTION<br><br>**COMPLAINT**<br>**WITH JURY DEMAND** |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Justyn A. Grimsley ("Plaintiff" or "Grimsley"), through his undersigned counsel, individually and on behalf of all persons similarly situated, files this Complaint against Defendant Environmental Management Specialists, Inc. ("Defendant" or "EMS") seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Ohio Minimum Fair Wage Standards Act.  The following allegations are based on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

### JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.  The events giving rise to Plaintiff's claims occurred within the state of Ohio; Defendant conducts business within this district and is incorporated in the state of Ohio.

## PARTIES

4. Plaintiff Justyn A. Grimsley is an individual currently residing in Newcomerstown, Ohio. Plaintiff worked for Defendant Environmental Management Specialists, Inc., and performed work in the field as a Drill Pad Support Supervisor in Caldwell, Ohio between approximately February 2014 and October 2014, and pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action. *See* Exhibit A.

5. Defendant Environmental Management Specialists, Inc. ("Defendant" or "EMS") is a Cleveland, Ohio based company that was founded in 2000. Defendant is an environmental contracting company servicing a wide variety of clients in the fields of oil and gas, transportation companies, industrial facilities, environmental services companies, general contractors. Defendant maintains its headquarters and is incorporated in Ohio.

6. Defendant employed Plaintiff and continues to employ similarly situated employees.

7. Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

8. Defendant's annual gross volume of business exceeds $500,000.

9. Defendant is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. § 207(b)(3).

## CLASS DEFINITIONS

10. Plaintiff brings this lawsuit for Count I pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following class of potential opt-in litigants:

> All current or former employees of Environmental Management Specialists, Inc. ("EMS") who performed work in the field for EMS in the United States at any time between June 9, 2012 and the present, including but not limited to Drill Pad Support Supervisors and those in similarly titled positions (the "FLSA Class").

11. Plaintiff also brings this lawsuit for Counts II to III as a class action pursuant to FED. R. CIV. P. 23, on behalf of himself and the following class:

> All current or former employees of Environmental Management Specialists, Inc. ("EMS") who performed work in the field for EMS in Ohio at any time between June 9, 2009[1] and the present, including but not limited to Drill Pad Specialist Support Supervisors and those in similarly titled positions (the "Ohio Class").

12. The FLSA Class and the Ohio Class are together referred to as the "Classes."

13. Plaintiff reserves the right to re-define the Classes prior to notice or class certification, and thereafter, as necessary.

## FACTS

14. Defendant employs members of the Classes throughout the United States.

15. From approximately February 2014 through October 2014, Plaintiff was employed by Defendant and performed work in the field as a Drill Pad Support Supervisor in and around Caldwell, Ohio.

16. Plaintiff and the Classes are blue collar workers, whose work involves repetitive manual labor duties such as setting up, tearing down, monitoring and maintaining field equipment; performing pre- and post-job equipment inspections; performing preventative maintenance procedures on equipment; operating support equipment; and assembling and preparing equipment for installation.

17. Plaintiff and the Classes exercise little to no discretion in performing their jobs. Rather, Plaintiff and the Classes perform duties that are specifically assigned by upper-level managers.

18. Plaintiff and the Classes also apply their knowledge of oil and gas drilling to follow specifically prescribed procedures or determine which procedure to follow.

19. Plaintiff and the Classes have no input as to staffing jobs or setting production

---

[1] The statute of limitations on Plaintiff's unjust enrichment claim is six years. Therefore, employees may be members of the Ohio Class if they were employed on or after June 9, 2009, for at least one of the claims alleged on behalf of the Ohio Class.

3

goals. All decisions regarding staffing and production are handled by upper-level managers.

20. Plaintiff and the Classes do not supervise any other employees who work for Defendant.

21. Plaintiff and the Classes do not manage a customarily recognized department or subdivision of Defendant's business operations.

22. Plaintiff and the Classes have no discretion to hire or fire employees. All decisions regarding hiring and firing are handled by upper-level managers.

23. Plaintiff and the Classes have no authority to discipline or promote employees. All decisions regarding discipline or promotions are handled by upper-level managers.

24. Plaintiff and the Classes have no authority to enter into agreements or contracts with clients or customers. All decisions regarding customer agreements or contracts are handled by upper-level managers.

25. Plaintiff and the Classes have no independent authority to spend company funds.

26. Defendant knew or should have known that Plaintiff and the Classes were not exempt from the FLSA or the applicable Ohio state law overtime requirements.

27. Defendant has a policy or practice of failing to compensate Plaintiff and the Classes for all overtime hours worked.

28. Despite the fact that Plaintiff and the Classes do not perform duties that would qualify them as exempt from the overtime pay mandates of the FLSA and Ohio wage and hour laws, Defendant has misclassified them to avoid paying overtime compensation.

29. With knowledge of the non-exempt job duties that Plaintiffs and the Classes perform, Plaintiff and the Classes are scheduled to work twelve (12) hour shifts, seven (7) days per week, on a rotation of fourteen (14) days on and fourteen (14) days off.

30. Plaintiff and the Classes frequently work in excess of their scheduled twelve (12) hour shifts. Plaintiff and the Classes are often required to attend pre- and post-shift safety meetings, and Plaintiff and the Classes must remain working when mechanical or staffing issues arise.

31. Plaintiff and the Classes routinely work in excess of forty (40) hours per week during almost every week that they work.

32. Defendant paid Plaintiff a fixed salary that did not provide him with any overtime premium for hours worked in excess of forty (40) in a workweek.  Upon information and belief, members of the Classes were paid pursuant to the same compensation scheme, in violation of the FLSA and Ohio laws.

33. Defendant also paid Plaintiff a straight hourly rate for work that he performed on days that he was not scheduled to work, in addition to his salary.  Defendant also did not pay Plaintiff any overtime premium for any hours worked in excess of forty (40) during those workweeks.  Upon information and belief, members of the Classes were paid pursuant to the same compensation scheme, in violation of the FLSA and Ohio laws.

34. Defendant does not maintain accurate records of the hours that Plaintiff and the Classes worked each workday and the total number of hours worked each workweek as required by the FLSA and Ohio Minimum Fair Wage Standards Act.  *See* 29 C.F.R. § 516.2(a)(7), and Ohio law, *see* Section 34a, Article II of the Ohio Constitution ("Section 34a"), and R.C. 4111.14.

35. Defendant has an affirmative obligation to assure compliance with the FLSA and applicable state wage and hour laws, and failed to do so in misclassifying Plaintiff and members of the Classes as exempt.

36. Based on information and belief, Defendant has no regard whatsoever for legal requirements in connection with its wage policies and did not evaluate the classification of any members of the Classes to determine whether they were properly exempt.

37. Defendant have acted willfully and with reckless disregard of clearly applicable FLSA and state law provisions by failing to compensate Plaintiff and the Classes for hours worked in excess of 40 during the workweek.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class, as defined above.

5

39. Plaintiff desires to pursue his FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

40. Plaintiff and the FLSA Class are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's previously described common pay practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common compensation, timekeeping and payroll practices.

41. Specifically, Defendant paid Plaintiff and the FLSA Class a set amount of pay per day, regardless of the number of hours worked, and failed to pay overtime as required by law.

42. The similarly situated employees are known to Defendant, are readily identifiable, and may be located through Defendant's records and the records of any payroll companies that Defendant utilizes. Defendant employs many FLSA Class Members throughout the United States. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

43. Plaintiff also brings this action as a class action pursuant to FED. R. CIV. P. 23 on behalf of himself and the Ohio Class, as defined above.

44. The members of the Ohio Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the Ohio Class.

45. Plaintiff will fairly and adequately represent and protect the interests of the Ohio Class because there is no conflict between the claims of Plaintiff and those of the Ohio Class, and Plaintiff's claims are typical of the claims of the Ohio Class. Plaintiff's counsel are competent and experienced in litigating class actions and other complex litigation matters,

including wage and hour cases like this one.

46. There are questions of law and fact common to the proposed Ohio Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether Defendant has violated and continues to violate Ohio law through its policy or practice of not paying its salary employees overtime compensation.

47. Plaintiff's claims are typical of the claims of the Ohio Class in the following ways: 1) Plaintiff is a member of the Ohio Class; 2) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Ohio Class; 3) Plaintiff's claims are based on the same legal and remedial theories as those of the Ohio Class and involve similar factual circumstances; 4) there are no conflicts between the interests of Plaintiff and the Ohio Class members; and 5) the injuries suffered by Plaintiff are similar to the injuries suffered by the Ohio Class members.

48. Class certification is appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the Ohio Class predominate over any questions affecting only individual Class members.

49. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Ohio Class is readily identifiable from Defendant's own employment records. Prosecution of separate actions by individual members of the Ohio Class would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant.

50. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Furthermore, the amounts at stake for

many of the Ohio Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

51. Without a class action, Defendant will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the Ohio Class. Plaintiff envisions no difficulty in the management of this action as a class action.

## COUNT I
### VIOLATION OF THE FLSA
**(On Behalf of the FLSA Class)**

52. All previous paragraphs are incorporated as though fully set forth herein.

53. During all relevant times, Plaintiff and the FLSA Class were covered employees entitled to the above-described FLSA protections.

54. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed.  *See* 29 U.S.C. § 207(a)(1).

55. Plaintiff and the FLSA Class are not exempt from the requirements of the FLSA.

56. Defendant's compensation scheme applicable to Plaintiff and the FLSA Class failed to comply with 29 U.S.C. § 207(a)(1).

57. Defendant knowingly failed to compensate Plaintiff and the FLSA Class at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

58. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
### VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT
**(On Behalf of the Ohio Class)**

59. All previous paragraphs are incorporated as though fully set forth herein.

60. Overtime compensation owed to Ohio workers is governed by Ohio Minimum Fair Wage Standards Act ("OMFWSA"), OHIO REV. CODE ANN. § 4111.03(A).

8

61. OMFWSA requires that employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* R.C. 4111.03(A).

62. The OMFWSA defines "employer" broadly to include "any person or group of persons acting in the interest of an employer in relation to any employee." OHIO REV. CODE ANN. § 4111.03(2).

63. Defendant is subject to the wage requirements of the OMFWSA because Defendant is an "employer" under OHIO REV. CODE ANN. § 4111.03(2).

64. During all relevant times, Plaintiff and the Ohio Class are covered employees entitled to the above-described OMFWSA's protections. *See* OHIO REV. CODE ANN. § 4111.03(3).

65. Plaintiff and the Ohio Class are not exempt from the requirements of the OMFWSA.

66. As a result of Defendant's failure to record, report, credit and/or compensate Plaintiff and the Ohio Class, Defendant has failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the OMFWSA, Section 34a, Article II of the Ohio Constitution, and OHIO REV. CODE ANN. § 4111.14.

67. By virtue of Defendant's failure to pay Plaintiff and the Ohio Class members the legally required overtime wages for all hours worked in excess of forty (40) hours per week, Defendant violated R.C. 4111.03(A).

68. Pursuant to R.C. 4111.10(A), employers, such as Defendant, who fail to pay an employee wages in conformance with the OMFWSA shall be liable to the employee for the wages or expenses that were not paid, court costs and attorneys' fees incurred in recovering the unpaid wages.

69. As a result of Defendant's violations of Ohio law, Plaintiff and the Ohio Class are entitled to recover from Defendant their unpaid overtime wages together with the costs of suit.

## COUNT III
## UNJUST ENRICHMENT
### (On Behalf of the Ohio Class)

70. All previous paragraphs are incorporated as though fully set forth herein.

71. Defendant has received and benefited from the uncompensated labors of Plaintiff and the Ohio Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

72. At all relevant times hereto, Defendant devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiff and the Ohio Class without paying overtime compensation for all hours worked.

73. Contrary to all good faith and fair dealing, Defendant induced Plaintiff and the Ohio Class to perform work while failing to pay overtime compensation for all hours worked as required by law.

74. By reason of having secured the work and efforts of Plaintiff and the Ohio Class without paying overtime compensation as required by law, Defendant enjoyed reduced overhead with respect to its labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiff and the Ohio Class. Defendant retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

75. Accordingly, Plaintiff and the Ohio Class are entitled to judgment in an amount equal to the benefits unjustly retained by Defendant.

## PRAYER FOR RELIEF

Wherefore, Plaintiff seeks the following relief on behalf of himself and all others similarly situated:

    A. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

    B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class members;

  C. An order permitting this litigation to proceed as a class action pursuant to FED. R. CIV. P. 23 on behalf of the Ohio Class;

  D. Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments, and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

  E. Liquidated damages to the fullest extent permitted under the law;

  F. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

  G. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Dated:  June 9, 2015

Respectfully submitted,

s/Jack Landskroner
Jack Landskroner (0059227)
Drew Legando (0084209)
**LANDSKRONER GRIECO MERRIMAN LLC**
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
T. (216) 522-9000
F. (216) 522-9007
E. jack@lgmlegal.com, drew@lgmlegal.com

Shanon J. Carson (PA 85957)*
Sarah R. Schalman-Bergen (PA 206211)*
Alexandra L. Koropey (PA 315240)*
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA  19103
T. (215) 875-3000
F. (215) 875-4604
E. scarson@bm.net, sschalman-bergen@bm.net, akoropey@bm.net

*Counsel for Plaintiff*

*\*Application for pro hac vice to be filed.*

11