# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JUSTYN A. GRIMSLEY, *individually and on behalf of all persons similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> ENVIRONMENTAL MANAGEMENT SPECIALISTS, INC. <br><br> Defendant. | Case No.:  2:15-cv-02371-MHW-NMK <br><br> CIVIL ACTION <br> COLLECTIVE AND CLASS ACTION |

## SETTLEMENT AGREEMENT AND RELEASE

1.     This Settlement Agreement and Release (the "Settlement Agreement," "Settlement" or "Agreement") is entered into between Plaintiff Justyn Grimsley ("Plaintiff"), individually and on behalf of all other similarly-situated persons, and Defendant Environmental Management Specialists, Inc. ("EMS" or "Defendant"), subject to the approval of the Court. Plaintiff and Defendant may be referred to collectively as the "Parties."

## RECITALS

2.     Plaintiff filed his initial Class and Collective Action Complaint on June 9, 2015, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and Ohio state law. (ECF No. 1.)   On July 6, 2015, Defendant filed its Answer.  (ECF No. 4.)

3.     On August 25, 2015, the parties filed a Stipulation Selecting ADR ("ADR Stipulation"), and agreed to stay the case and participate in mediation.  (ECF No. 13.)  The Court approved the Parties' stipulation and referred the case to mediation on August 25, 2015.  (ECF No. 14.)

4.     On November 16, 2015, the Parties participated in mediation before an experienced mediator, Mark Irvings.  Prior to the mediation, and pursuant to the Parties' agreed alternative dispute resolution ("ADR") process, Defendant provided Plaintiff with electronic and hardcopy payroll records, and timesheets, which Plaintiff's Counsel reviewed and analyzed. Plaintiff's counsel also engaged in an intensive effort to conduct detailed interviews of the Plaintiff and Opt-In Plaintiffs.

7.     As a result of the mediation, the Parties have agreed to settle this Action according to the terms of this Settlement Agreement.

1

8.     Plaintiff's Counsel has made a thorough and independent investigation of the facts and law relating to the allegations in the Complaint.  In agreeing to this Settlement Agreement, Plaintiff has considered:  (a) the facts developed during the Parties' ADR process and the law applicable thereto; (b) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against Defendant; and (c) the desirability of consummating this Settlement according to the terms of this Settlement Agreement.  Plaintiff has concluded that the terms of this Settlement are fair, reasonable and adequate, and that it is in the best interests of Plaintiff and the Settlement Class (as defined below) to settle their claims against Defendant pursuant to the terms set forth herein.

9.     Defendant denies the allegations in the Complaint and denies that they have any liability for failing to pay overtime compensation to their employees.  Defendant is entering into this Agreement because it will eliminate the burden, risk, and expense of further litigation.  This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendant or any of the Releasees of any fault, liability or wrongdoing.

10.     The Parties recognize that notice to the Settlement Class of the material terms of this Settlement, as well as Court approval of this Settlement, are required to effectuate the Settlement, and that the Settlement will not become operative until the Court grants final approval of it and the Settlement becomes effective.

11.     The Parties stipulate and agree that, for settlement purposes only, the requisites for establishing collective action certification under the FLSA pursuant to 29 U.S.C. § 216(b), and class certification pursuant to FED. R. CIV. P. 23(a) and (b)(3) are met.  Should this Settlement not become final, such stipulation to class certification shall become null and void and shall have no bearing on, and shall not be admissible in connection with, the issue of whether or not certification would be appropriate in a non-settlement context.

12.     In consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each party to the other, IT IS HEREBY AGREED, by and between the undersigned, subject to the final approval of the Court and the other conditions set forth herein, that Plaintiff's and the Settlement Class Members' claims as described herein against Defendant shall be settled, compromised and dismissed, on the merits and with prejudice, and that the Released Claims (as defined below) shall be finally and fully compromised, settled and dismissed as to the Releasees (as defined below), in the manner and upon the terms and conditions set forth below.

## DEFINITIONS

13.     The following terms used in this Settlement Agreement shall have the meanings ascribed to them below:

a.     "Action" means the above captioned Action.

b.      "CAFA Notice" means the notice to be sent by Defendant to appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) ("CAFA"), within ten (10) business days after the submission of this

Settlement Agreement to the Court.  A copy of any CAFA Notice shall be provided to Class Counsel.

   c.  "Class Counsel" means Berger & Montague, P.C. and Landskroner Grieco Merriman, LLC.

   d.  "Court" means the United States District Court for the Southern District of Ohio.

   e.  "Defendant" means Environmental Management Services, Inc.

   f.  "Defendant's Counsel" means Jackson Lewis P.C.

   g.  "Eligible Class Member" means all Settlement Class Members who do not timely opt out of the Settlement Class.

   h.  "Effective Date" means the first business day after the Court's Final Approval Order if there are no objectors, and if there are any objectors, means the first business day after the Court's Final Approval Order is finally affirmed on appeal and/or is no longer subject to appeal or certiorari, and the time for any petition for reargument, appeal, or review, by certiorari or otherwise, has expired (*i.e.*, thirty days from Final Approval as that term is defined below).

   i.  "Fee Award" means the award of attorneys' fees that the Court authorizes to be paid to Class Counsel for the services they rendered to Plaintiffs and the Settlement Class in the Action.

   j.  "Final Approval" or "Final Approval Order" means the Court's Final Approval Order approving the Settlement and entering judgment.

   k.  "Final Approval Hearing" means the hearing to be held by the Court to consider the final approval of the Settlement.

   l.  "Gross Settlement Amount" means the maximum amount that Defendant shall pay in exchange for the release of all Released Claims by Plaintiff and the Settlement Class, which is the gross sum of Three Hundred Twenty-Five Thousand Dollars ($325,000.00), excluding the employers' share of FICA and FUTA payroll taxes.  In no event shall the Gross Settlement Amount exceed this sum, plus the employers' share of FICA and FUTA payroll taxes on the amounts paid to Eligible Class Members.

   m.  "Net Settlement Amount" means the Gross Settlement Amount less: (i) up to $10,000.00 to Plaintiff Grimsley for his efforts in bringing and prosecuting this matter and moreover, in exchange for his additional Released Claims executed in favor of Defendant as set forth in Paragraph 12(a), below; (ii) the payment of attorneys' fees to Class Counsel, not to exceed one-third of the Gross Settlement Amount, plus the payment of out-of-pocket costs incurred by Class Counsel, which currently are $7,686; and (iii) the Settlement Administrator's costs related to administering this Settlement, not to exceed $5,750.  The Parties acknowledge that all of these amounts are subject to the Court's approval.

n.      "Notice Deadline" means the date sixty (60) days after the Settlement Notice and Claim and Opt-In Consent Form are initially mailed by the Settlement Administrator to the Settlement Class.  Settlement Class Members shall have until the Notice Deadline to submit their Opt-In Consent Form, object to, or opt out of the Settlement.

o.      "Ohio Settlement Class" means all individuals in the Settlement Class unless removed from the State Settlement Class by either (a) timely opting out of the Settlement or (b) being identified by the Settlement Administrator as having his/her Notice of Settlement returned as undeliverable (and not subsequently delivered prior to the Notice Deadline following the Settlement Administrator's reasonable efforts).

p.      "Ohio Settlement Class Released Claims" means any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees that were or could have been asserted in the Complaint based on the facts alleged for alleged unpaid wages, overtime compensation, liquidated or other damages, unpaid costs, restitution or other compensation or relief arising under Ohio wage and hour laws, or Ohio common law claims (including unjust enrichment or quantum meruit), from June 9, 2012 to the date of execution of this Agreement, in weeks when the individual worked for Defendant as a Drill Pad Support Supervisor.

q.      "Opt-In Consent Form" means the form attached hereto as Exhibit B, subject to the approval of the Court.

r.      "Opt-In Plaintiff" means individuals who have already submitted an Opt-In Consent Form seeking to join this Action or individuals who return an Opt-In Consent Form prior to the Notice Deadline.

s.      "Parties" means Plaintiff and Defendant.

t.      "Plaintiff" means Justyn Grimsley.

u.      "Preliminary Approval" or "Preliminary Approval Order" means the Court's Preliminary Approval Order preliminarily approving the terms and conditions of this Agreement.

v.      "Released Claims" means any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees that were or could have been asserted in the Complaint based on the facts alleged for alleged unpaid wages, overtime compensation, liquidated or other damages, unpaid costs, restitution or other compensation or relief arising under the FLSA, state wage and hour laws, or state common law claims (including unjust enrichment or quantum meruit) from June 9, 2012 to the date of execution of this Agreement in weeks when the individual worked for Defendant as a Drill Pad Support Supervisor.  The Parties acknowledge that only Opt-In Plaintiffs shall release their FLSA claims against Releasees.

w.      "Releasees" means Defendant and its past, present and future parent companies, subsidiaries, affiliates, divisions, agents, employees, owners, members, officers, directors, investors, legal representatives, executors, administrators, general partners, limited

4

partners, real or alleged alter egos, predecessors, successors, transferees, assigns, and insurers.

        x.    "Settlement Administrator" means The Angeion Group, subject to the approval of the Court.

        y.    "Settlement Award" means the payment that each Eligible Class Member shall be entitled to receive pursuant to the terms of this Agreement.

        z.    "Settlement Class" or "Settlement Class Member" means all current or former employees of Defendant who performed work as Drill Pad Support Supervisors at any time between June 9, 2012 and November 16, 2015. There are 49 Settlement Class Members.

        aa.    "Settlement Notice" means the notice to the Settlement Class substantially in the form as Exhibit A attached hereto or as approved by the Court.

## RELEASES

14.    **Release**. In consideration of the benefits to be received by Plaintiff and the Settlement Class under this Settlement, upon the Effective Date:

        a.    Plaintiff Grimsley shall be deemed to have released and forever discharged Releasees from any and all Released Claims, and, in addition, shall be deemed to have released Releasees from any and all claims, demands, rules or regulations, or any other causes of action of whatever nature, whether known or unknown, or any claim for costs, fees, interest, or other expenses including attorneys' fees incurred in any matter; or any and all claims for bonuses, commissions or any claims for incentive compensation of any type, whether under common law or policy or contract, and any other federal, state or local human rights, civil rights, wage-hour, whistleblower, pension or labor laws, rules and/or regulations, public policy, any and all claims that were asserted or that could have been asserted in the Action, any claim for breach of contract, contract or tort laws, or any claim arising under common law, such as claims for malicious prosecution, misrepresentation, defamation, false imprisonment, libel, slander, invasion of privacy, negligence, claims based on theories of strict liability or *respondeat superior*, infliction of emotional distress, or otherwise, or any other action or grievance against the Releasees, based upon any conduct occurring through the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- The Ohio Civil Rights Act, O.R.C. § 4112.01 et seq.;
- Title VII of the Civil Rights Act of 1964;
- The Americans with Disabilities Act of 1990, as amended;
- The Ohio Statutory Provisions Regarding Retaliation/Discrimination for Pursuing a Workers Compensation Claim, O.R.C. § 4123.90;
- The Family and Medical Leave Act;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA")(except for any vested benefits under any tax qualified benefit plan);
- The Immigration Reform and Control Act;
- The Genetic Information Nondiscrimination Act of 2008;

5

- The Age Discrimination in Employment Act of 1967 ("ADEA");
- The Older Workers Benefit Protection Act ("OWBPA");
- The Equal Pay Act;
- The Workers Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Fair Labor Standards Act;
- The Uniformed Services Employment and Reemployment Rights Act of 1994;
- The National Labor Relations Act;
- The laws and regulations relating to the Occupational Safety and Health Administration;
- The Ohio Pregnancy Discrimination Act, Ohio Admin. Code § 4112-5-05(G);
- The Ohio Age Discrimination in Employment Act, O.R.C. § 4112.14;
- The Ohio Whistleblower Protection Act, O.R.C. § 4113.51 et seq.;
- The Ohio Minimum Fair Wages Act, O.R.C. § 4111.01 et seq.;
- The Ohio Wage Payment Act, O.R.C. § 4113.15;
- The Ohio Uniformed Services Employment and Reemployment Act;
- Any other federal, state or local law, rule, or ordinance and the common law;
- Any claim that any of the Released Parties jointly or severally, breached or interfered with any express or implied contract, duty, promise, term, or condition;
- Any claim for promissory estoppel, breach of promise, violation of public policy, infliction of mental or emotional distress, harassment, loss of consortium, invasion of privacy, false light, fraud, negligence, intentional tort, or defamation; and/or
- Any basis for recovering compensation, benefits, costs, fees, or other expenses including attorneys' fees incurred in these matters.

If any claim is not subject to release, to the extent permitted by law, Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendant or any Releasee is a party. If, without Plaintiff's prior knowledge and consent, he is made a member of a class in any proceeding against Defendant or any Releasee, he agrees to opt out of the class at the first opportunity.

b. Each Opt-In Plaintiff shall be deemed to have released and discharged the Releasees from the Released Claims. Only Opt-In Plaintiffs shall release their FLSA claims against Releasees.

c. Each Ohio Settlement Class Member shall be deemed to have released and discharged the Releasees from the Ohio Settlement Class Released Claims.

d. **Release Language on Settlement Checks.** The Settlement Administrator shall include the following release language on the back of each settlement check:

By signing or cashing this check, I affirm my release of Environmental Management Specialists, Inc.. and all Releasees of all any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees that were or could have been asserted in the Complaint based on the facts alleged for alleged unpaid wages, overtime compensation, liquidated or other damages,

unpaid costs, restitution or other compensation or relief arising under the FLSA, state wage and hour laws, or state common law claims (including unjust enrichment or quantum meruit) from June 9, 2012 to [INSERT DATE] in weeks when I worked for Defendant as a Drill Pad Support Supervisor.  I affirm that I will not sue or assert any of the Released Claims against any Releasee.

## CERTIFICATION, NOTICE, AND SETTLEMENT IMPLEMENTATION

15.     The Parties agree to the following procedures for obtaining preliminary approval of the Settlement, certifying the Settlement Class, and notifying the Settlement Class of this Settlement:

a.     **Request for Class Certification and Preliminary Approval Order**.  By approximately February 23, 2016, Plaintiff shall file an Unopposed Motion for Preliminary Approval of Settlement Agreement, requesting that the Court preliminarily approve the Settlement, certify the Settlement Class pursuant to 29 U.S.C. § 216(b) and the Ohio Law Settlement Class pursuant to FED. R. CIV. P. 23(a) and (b)(3), and set a date for the Final Approval Hearing.

b.     **Notice**.  Class Counsel shall be responsible for preparing, printing and mailing the Settlement Notice to all Settlement Class Members and the Opt-In Consent form to Settlement Class Members who are not already Opt-In Plaintiffs as of the date of mailing.

c.     Within fifteen (15) business days after the Court's preliminary approval of the Settlement, Defendant shall provide Class Counsel with any updates to its previously produced  electronic database containing the names, last known addresses, last known telephone numbers, last known email addresses (if any), social security numbers, dates of employment as a Drill Pad Support Supervisor, payroll data, and total number of workweeks that each Settlement Class Member worked while working as a Drill Pad Support Supervisor between June 9, 2012 to November 16, 2015.  Class Counsel will utilize any address updates for Opt-In Plaintiffs in this action.

d.     In order to provide the best notice practicable, Class Counsel, prior to mailing the Settlement Notice and Claim Form, will take reasonable efforts to identify current addresses via public and proprietary systems.

e.     Within five (5) business days after receiving the contact information for the Settlement Class, Class Counsel shall mail and email (if email addresses are available) an agreed upon and Court approved Notice and, to current Settlement Class members who have not previously opted in to the action, an Opt-in Consent Form, along with a self-addressed postage pre-paid envelope to the Settlement Class ("Initial Mailing").  Class Counsel shall provide notice to Defendant's Counsel that the Notice and Opt-In Consent Forms have been mailed.

f.     Thirty (30) calendar days after the Initial Mailing, Class Counsel shall make a duplicate mailing and email to any Settlement Class Members who have not yet returned an Opt-In Consent Form.

g.     Any Settlement Notice returned to the Class Counsel with a forwarding

address shall be re-mailed within three (3) business days following receipt of the returned mail. If any Settlement Notice is returned to Class Counsel without a forwarding address, Class Counsel shall undertake reasonable efforts to search for the correct address, and shall promptly re-mail the Settlement Notice and Opt-In Consent Form (if applicable) to any newly found addresses.

   h. Defendant may communicate about the settlement with its current employees who are Settlement Class Members for the exclusive purpose of encouraging them to participate in the Settlement and submit Opt-In Consent Forms, consistent with the terms and provisions of this Settlement Agreement. Defendant will not take any adverse action against any current employee because he/she is eligible to participate or does participate in the Settlement and submits an Opt-In Consent Form.

   i. Settlement Class Members may submit their Opt-In Consent Forms via regular mail, electronic mail, or facsimile, and they may execute and submit their Opt-In Consent Forms online through an electronic signature service that will be established by Class Counsel. To be timely, all Opt-In Consent Forms must be postmarked, emailed or otherwise received by the Notice Deadline. The parties, by way of mutual agreement, may waive this time limitation on a case by case basis.

   16. **Objections.** The Settlement Notice shall provide that Settlement Class Members who wish to object to the Settlement must, on or before the Notice Deadline, mail to Class Counsel and Defendant's counsel a written statement objecting to the Settlement. Such objection shall not be valid unless it includes the information specified in the Notice. The statement must be signed personally by the objector, and must include the objector's name, address, telephone number, email address (if applicable), the factual and legal grounds for the objection, and whether the objector intends to appear at the Final Approval Hearing. No Settlement Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through counsel), unless written notice of the Settlement Class Member's intention to appear at the Final Approval Hearing has been filed with the Court and served upon Class Counsel and Defendants' Counsel on or before the Notice Deadline and the Settlement Class Member has not opted out of the Settlement. The postmark date of mailing to Class Counsel and Defendant's Counsel shall be the exclusive means for determining that an objection is timely mailed to counsel. Persons who fail to return timely written objections in the manner specified above shall be deemed to have waived any objections and oppositions to its fairness, reasonableness and adequacy, and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. None of the Parties, their counsel, nor any person on their behalf, shall seek to solicit or otherwise encourage anyone to object to the settlement, or appeal from any order of the Court that is consistent with the terms of this settlement, or discourage participation in the settlement claims process.

   17. **Requests for Exclusion.** The Settlement Notice shall provide that Settlement Class Members who wish to exclude themselves from the Settlement ("opt out") must mail to Class Counsel a written statement indicating that they do not wish to participate or be bound by the Settlement. The written request for exclusion must contain the Settlement Class Member's full name, address, telephone number, and email address (if applicable), and must be signed individually by the Class Member. No opt-out request may be made on behalf of a group. Such

written statement must be postmarked by the Notice Deadline.

18.     **Report by the Class Counsel**.  Within five (5) business days after the Notice Deadline, Class Counsel shall provide Defendant's Counsel with notice of (a) the total number of Settlement Class Members who timely returned the Opt-In Consent Form; and (b) the total number of Settlement Class Members who filed timely requests for exclusion from the Settlement, along with the complete copies of all requests for exclusion, including their postmark dates.

19.     **Final Approval Hearing.**  Plaintiff shall request that the Court schedule the Final Approval Hearing to determine final approval of the settlement and to enter a Final Approval Order:

    a.     certifying this Action as an FLSA collective action under 29 U.S.C. § 216(b) and as a class action under FED. R. CIV. P. 23(a) and (b)(3);

    b.     finally approving the Settlement and its terms as a fair, reasonable and adequate settlement of this Action;

    c.     directing that the settlement funds be distributed in accordance with the terms of this Settlement Agreement;

    d.     directing that the Action be dismissed with prejudice and in full and final discharge of any and all Released Claims and State Law Settlement Class Released Claims; and

    f.     retaining continuing jurisdiction over this Action for purposes of overseeing all settlement administration matters.

## SETTLEMENT FUNDS AND AWARD CALCULATION

20.     **Gross Settlement Amount**.

    a.     **Deposit**.  Within ten (10) business days after the Effective Date, Defendant shall electronically transfer the Gross Settlement Amount to the Settlement Administrator.  Upon receipt by the Settlement Administrator, these funds shall be transferred immediately to a Qualified Settlement Fund satisfying the requirements of Treasury Regulation Section 1.468B-1.  The Settlement Administrator shall provide Defendant with a Section 1.468B-1 Relation Back Election that meets the requirements of Regulation Section 1.468B-1(j)(2) within five (5) business days after receipt of the funds.  Defendant shall execute and return this document to the Settlement Administrator, which shall be affixed to the initial tax return of the Qualified Settlement Fund in order to establish the start date of the Qualified Settlement Fund.  There shall be no reversion of any portion of the Gross Settlement Amount to Defendant at any time.

    b.     **Disbursement by Settlement Administrator**.  All disbursements shall be made from the Qualified Settlement Fund.  The Settlement Administrator shall be the only entity authorized to make withdrawals or payments from the Qualified Settlement Fund.

21.     **Payments**.  Subject to the Court's Final Approval Order, the following amounts shall be paid by the Settlement Administrator from the Gross Settlement Amount:

a.      **Service Awards and Payment for General Release to Plaintiff**.  Subject to the Court's approval, Plaintiff Grimsley shall receive Ten Thousand Dollars ($10,000.00) for his efforts in bringing and prosecuting this matter, and in consideration of his general release set forth above.  The Qualified Settlement Fund shall issue a Form 1099 for these payments.  This payment shall be made within three (3) business days after the Effective Date.

b.      **Attorneys' Fees and Costs**.

(i)      Subject to the Court's approval, Class Counsel shall receive attorneys' fees in an amount up to one-third of the Gross Settlement Amount, which will compensate Class Counsel for all work performed in the Action as of the date of this Settlement Agreement as well as all of the work remaining to be performed, including but not limited to documenting the Settlement, securing Court approval of the Settlement, making sure that the Settlement is fairly administered and implemented, and obtaining final dismissal of the Actions. In addition, Class Counsel shall receive reimbursement of their out-of-pocket costs approved by the Court.  These payments of attorneys' fees and costs shall be made within three (3) business days after the Effective Date.

(ii)      The attorneys' fees and costs paid by Defendant pursuant to this Agreement shall constitute full satisfaction of Defendant's obligations to pay amounts to any person, attorney or law firm for attorneys' fees or costs in this Action on behalf of Plaintiffs and/or any Settlement Class Member, and shall relieve Defendant from any other claims or liability to any other attorney or law firm for any attorneys' fees or costs to which any of them may claim to be entitled on behalf of Plaintiff or any Settlement Class Member.

(iii)      A Form 1099 shall be provided to Class Counsel for the payments made to Class Counsel.  Class Counsel shall be solely and legally responsible to pay any and all applicable taxes on the payment made to them.

c.      **Settlement Administration Costs**.  Settlement Administration costs are estimated not to exceed $5,750 and shall be paid from the Gross Settlement Amount.  A copy of the Settlement Administrator's invoice shall be provided to the Court with Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement.  The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs incurred in the administration of the Settlement.

d.      **Settlement Awards to Eligible Class Members.**  Settlement Awards shall be made to Eligible Class Members as set forth below.

22.      **No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement.**  No person shall have any claim against Defendant, Class Counsel, Defendants' Counsel, or the Settlement Administrator based on distributions or payments made

in accordance with this Settlement Agreement.

**CALCULATION AND DISTRIBUTION OF SETTLEMENT AWARDS**

23. **Settlement Award Eligibility**. All Eligible Class Members shall be paid a Settlement Award from the Net Settlement Amount. Class Counsel shall be responsible for determining eligibility for, and the amount of, the Settlement Awards to be paid to Eligible Class Members based on the following formula:

      a. Class Counsel will calculate an award for each Eligible Class Member from the Net Settlement Amount based on the total number of weeks that the respective Settlement Class Member worked for Defendant as a Drill Pad Support Supervisor from June 9, 2012 to November 16, 2015.

      b. Each week shall equal one settlement share, and the total number of settlement shares for all Eligible Class Members will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure. That figure will then be multiplied by each Eligible Class Member's number of settlement shares to determine the Eligible Class Member's Settlement Award.

      c. The Settlement Awards for Eligible Class Members who are not Opt-In Plaintiffs will be reduced by fifty percent (50%). The amount of the aggregate 50% reduction for all Eligible Class Members who are not Opt-In Plaintiffs will be divided on a *pro rata* basis among and included in the Settlement Awards of other Eligible Class Members who are Opt-In Plaintiffs.

      d. Notwithstanding these provisions, each Eligible Class Member shall receive a minimum amount of $250.

      e. All Settlement Award determinations shall be based on Defendant's previously produced payroll and timekeeping data for Settlement Class Members.

24. Fifty percent (50%) of each Settlement Award to Eligible Class Members shall be treated as back wages, and accordingly, on each Settlement Award, the Settlement Administrator shall effectuate federal and applicable state income and employment tax withholding as required by law with respect to 50% of each Settlement Award distributed, and Defendant shall pay the employer's share of all required FICA and FUTA taxes on such amounts. Defendant shall not be responsible or liable for any other taxes. The Settlement Administrator shall calculate the employer share of taxes and provide Defendant with the total employer tax contributions at least ten (10) business days before the Settlement Awards are mailed. Defendant shall deposit the calculated employer tax contributions into the Qualified Settlement Fund two business days prior to the mailing of the Settlement Awards to Eligible Class Members. The Settlement Administrator will establish a separate Employer Identification Number ("EIN") for tax purposes to facilitate the processing and payment of the Settlement Awards. The Settlement Administrator agrees that it will be solely responsible for the processing and payment of the employer share of taxes, and it agrees to indemnify Defendant for any liability to any government agency or tax authority for the incorrect calculation and/or payment of such taxes. Amounts withheld will be remitted by the Settlement Administrator from the Qualified

11

Settlement Fund to the appropriate governmental authorities. The remaining 50% of each Settlement Award shall be treated as non-wage penalties and liquidated damages, to be reported on an IRS Form 1099, and shall not be subject to FICA and FUTA withholding taxes. Defendant shall cooperate with the Settlement Administrator to provide payroll tax information as necessary to accomplish the income and employment tax withholding on the wage portion of each Settlement Award, and the Form 1099 reporting for the non-wage portion of each Settlement Award.

25. Class Counsel and Defendant's Counsel do not intend this Settlement Agreement to constitute legal advice relating to the tax liability of any Eligible Class Member. To the extent that this Settlement Agreement, or any of its attachments, is interpreted to contain or constitute advice regarding any federal, state or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties.

26. Class Counsel shall provide Defendant's Counsel and the Settlement Administrator with a final report of all Settlement Awards, at least ten (10) business days before the Settlement Awards are mailed.

27. The Settlement Administrator shall mail all Settlement Awards to Eligible Class Members within thirty (30) days after the Effective Date or as soon as reasonably practicable. The Settlement Administrator shall then provide a written certification of such payments to counsel for the Parties.

28. All Settlement Award checks shall remain valid and negotiable for one hundred eighty (180) days from the date of their issuance and may thereafter automatically be canceled if not cashed within that time, at which time the right to recover any Settlement Award will be deemed void and of no further force and effect. All funds from checks not cashed will revert to the Qualified Settlement Fund. The Settlement Administrator will include with each mailed check a letter stating that the check must be cashed or deposited within 180 days or it will be cancelled. Following the expiration date, the Settlement Administrator will send copies of the front and backs of all cashed settlement checks to counsel for both parties.

29. **Remaining Monies**. If at the conclusion of the 180-day check void period set forth above, there are any monies remaining in the Qualified Settlement Fund, and the remaining monies exceed $25,000.00 they shall be redistributed to Eligible Class Members who cashed their checks with the Settlement Administrator, on a *pro rata* basis relative to their Settlement Awards. If the remaining monies are less than $25,000.00, those monies shall be paid to the Parties' agreed-upon *cy pres* recipient, subject to the Court's approval in the Final Approval Order.

## MISCELLANEOUS

30. **No Admission of Liability.** This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendant or any of the Releasees of any fault or liability or wrongdoing.

31.     **Defendant's Legal Fees.**  Defendant's legal fees and expenses in this Action shall be borne by Defendant.

32.     **Nullification of the Settlement Agreement.**  In the event: (a) the Court does not preliminarily or finally approve the Settlement as provided herein; or (b) the Settlement does not become final for any other reason, the Parties agree to engage in follow up negotiations with the intent of resolving the Court's concerns that precluded approval, and if feasible, to resubmit the settlement for approval within thirty days.  If the settlement is not approved as resubmitted or if the Parties are not able to reach another agreement, then either Party may void this Agreement; at that point, the Parties agree that each shall return to their respective positions on the day before this Agreement and that this Agreement shall not be used in evidence or argument in any other aspect of their litigation.

33.     **Public Statement.**  The Parties and their counsel agree that they will not issue any press releases or hold any press conferences or initiate any contact with the press, media or any industry association about the amount or terms of the Settlement.

34.     **Inadmissibility of Settlement Agreement.**  Except for purposes of settling this Action, or enforcing its terms (including that claims were settled and released), resolving an alleged breach, or for resolution of other tax or legal issues arising from a payment under this Settlement Agreement, neither this Agreement, nor its terms, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession or damage.

35.     **Computation of Time.**  For purposes of this Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by FED. R. CIV. P. 6(a)(6)), such time period shall be continued to the following business day.

36.     **Interim Stay of Proceedings.**   The Parties agree to hold in abeyance all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement.

37.     **Amendment or Modification.**  This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.  This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

38.     **Entire Settlement Agreement.**  This Agreement constitutes the entire agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.   All prior or contemporaneous negotiations, memoranda, agreements, understandings, and representations, whether written or oral, are expressly superseded hereby and are of no further force and effect.  Each of the Parties

13

acknowledges that they have not relied on any promise, representation or warranty, express or implied, not contained in this Agreement. No rights hereunder may be waived except in writing.

39. **Authorization to Enter Into Settlement Agreement.** Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to enter into this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel shall cooperate with each other and use their best efforts to effect the implementation of the Agreement. In the event that the Parties are unable to reach resolution on the form or content of any document needed to implement this Agreement, or on any supplemental provisions or actions that may become necessary to effectuate the terms of this Agreement, the Parties shall seek the assistance of the mediator, Mark Irvings, or the Court to resolve such disagreement.

40. **Binding on Successors and Assigns.** This Agreement shall be binding upon, and inure to the benefit of Plaintiff, Defendant, the Settlement Class Members and their heirs, beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate or reorganize. The Parties hereto represent, covenant and warrant that they have not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

41. **Counterparts.** This Agreement may be executed in one or more counterparts, including by facsimile or email. All executed counterparts and each of them shall be deemed to be one and the same instrument. All executed copies of this Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

42. **No Signature Required by Eligible Class Members.** Only the Plaintiff will be required to execute this Settlement Agreement. The Settlement Notice will advise all Eligible Class Members of the binding nature of the release and such shall have the same force and effect as if this Settlement Agreement were executed by each Eligible Class Member.

43. **Cooperation and Drafting.** The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

44. **Governing Law.** All terms of this Settlement Agreement and the exhibits hereto shall be governed by and interpreted according to the laws of the State of Ohio and the United States of America, where applicable.

45. **Jurisdiction of the Court.** The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders

and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

DocuSign Envelope ID: 0BCF34B4-ED30-42F5-9751-EC5FF3E1B3D5

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFF:**  *JUSTYN GRIMSLEY* _____  Date: February __, 2016  2/22/2016

Justyn Grimsley

**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____  Date: February __, 2016

Shanon J. Carson
Sarah R. Schalman-Bergen
Alexandra K. Piazza
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103

_____  Date: February __, 2016

Jack Landskroner
Drew Legando
LANDSKRONER GRIECO MERRIMAN LLC
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113

**DEFENDANT:** _____ CFO _____ Date: February 26, 2016

ENVIRONMENTAL MANAGEMENT SPECIALISTS, INC.

**APPROVED AS TO FORM BY DEFENDANT'S COUNSEL:**

_____ Date: February 26, 2016

Daniel L. Messeloff (0078900)
James M. Stone (0034691)
Jackson Lewis P.C.
Park Center Plaza I, Suite 400
6100 Oak Tree Blvd.
Cleveland, OH 44131

16

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFF:** _____ Date: February __, 2016
Justyn Grimsley

**APPROVED AS TO FORM BY CLASS COUNSEL:**

2/22/2016

_____ Date: February __, 2016
Shanon J. Carson
Sarah R. Schalman-Bergen
Alexandra K. Piazza
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103

_____ Date: February __, 2016
Jack Landskroner
Drew Legando
LANDSKRONER GRIECO MERRIMAN LLC
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113

**DEFENDANT:** _____ Date: February __, 2016
ENVIRONMENTAL MANAGEMENT SPECIALISTS, INC.

**APPROVED AS TO FORM BY DEFENDANT'S COUNSEL:**

_____ Date: February __, 2016
Daniel L. Messeloff (0078900)
James M. Stone (0034691)
Jackson Lewis P.C.
Park Center Plaza I, Suite 400
6100 Oak Tree Blvd.
Cleveland, OH  44131

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFF:** _____     Date: January __, 2016
                Justyn Grimsley

**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____     Date: January __, 2016
Shanon J. Carson
Sarah R. Schalman-Bergen
Alexandra L. Koropey
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA19103

_____     Date: January __, 2016
Jack Landskroner
Drew Legando
LANDSKRONER GRIECO MERRIMAN LLC
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113

# **<u>EXHIBIT A</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JUSTYN A. GRIMSLEY, *individually and on behalf of all persons similarly situated*,<br><br>            Plaintiff,<br><br>    v.<br><br>ENVIRONMENTAL MANAGEMENT SPECIALISTS, INC.,<br><br>            Defendant. | Case No.:  2:15-cv-02371-MHW-NMK<br><br>CIVIL ACTION<br>COLLECTIVE AND CLASS ACTION |

### NOTICE OF FAIR LABOR STANDARDS ACT ("FLSA") COLLECTIVE AND CLASS ACTION SETTLEMENT

TO:    [Class Member Name]
        [Address]
        [Address]
        [Last Four Digits of Social Security No.]

### PLEASE READ THIS NOTICE CAREFULLY.

You received this Notice because you already joined this lawsuit as an Opt-In Plaintiff, or because the records of Environmental Management Specialists, Inc. (collectively, "EMS") show that you are a current or former employee of EMS who performed work as a Drill Pad Support Supervisor for EMS at any time between June 9, 2012 and November 16, 2015.  Because you fit this definition, **you may be entitled to receive money from a Settlement in this case, as described below**.

All questions or inquiries regarding this Notice and the Settlement should be directed to Class Counsel, Alexandra K. Piazza of Berger & Montague, P.C., 1622 Locust Street Philadelphia, PA 19103, Telephone: (215) 875-3033, Email: apiazza@bm.net.

| 1.    Why Should You Read This Notice? |
|---|

This Notice explains your right to share in the monetary proceeds of this Settlement, exclude yourself ("opt out") of the Settlement, or object to the Settlement.  The United States District Court for the Southern District of Ohio has preliminarily approved the Settlement as fair and reasonable.  The Court will hold a Final Approval Hearing on _____, 2016 at _____, before the Honorable _____ in Courtroom ____, _____.

1

**2.      What Is This Case About?  Description of the Lawsuit.**

This lawsuit alleges that Drill Pad Support Supervisors employed by EMS were not paid the overtime compensation to which they were entitled under the law.  EMS denies any wrongdoing and any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the lawsuit.  To avoid the burden, expense and inconvenience of continued litigation, the Parties have concluded that it is in their best interest to resolve and settle the lawsuit by entering into a Settlement Agreement.  Nothing contained in this Notice, nor the fact of this Notice itself, shall be construed or deemed as an admission of liability, culpability, negligence, or wrongdoing on the part of EMS.

On _____, 2016, the Court preliminarily approved the Settlement as fair and reasonable and authorized that this Notice be sent to you.

**3.      How Much Can I Expect To Receive?**

EMS has agreed to pay Three Hundred Twenty-Five Thousand Dollars ($325,000.00) to settle this Lawsuit.  Deductions from this amount will be made for attorneys' fees and costs for Class Counsel (see below), settlement administration costs not to exceed $5,750, and service awards in the amount of $10,000 to Named Plaintiff Justyn Grimsley for his service to the Settlement Class.  After deductions of these amounts, what remains of the Settlement (the "Net Settlement Amount") will be available to pay monetary Settlement Awards to all Settlement Class Members who do not exclude themselves by opting out of the Settlement ("Eligible Class Members").

According to records maintained by EMS, your total estimated settlement payment (assuming you have either already filed an Opt-In Consent Form to join this case or properly complete and return the enclosed Opt-In Consent Form by the deadline) will be at least $**[minimum amount]** (less applicable taxes and withholding), depending on the number of individuals who submit an Opt-In Consent Form.  This amount is an estimated amount, and your final settlement payment is expected to differ from this amount and will be calculated as set forth below.  If you have not already, and you do not properly complete and return the enclosed Opt-In Consent Form by the deadline, you will receive a smaller settlement share calculated as set forth below, unless you exclude yourself from the settlement altogether.

Specifically, all Eligible Class Members will receive a *pro rata* share of the Net Settlement Amount based the total number of weeks that the Eligible Class Member worked for EMS as a Drill Pad Support Supervisor between June 9, 2012 and November 16, 2015.

Each week will equal one settlement share.  The total number of settlement shares for all Eligible Class Members will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure.  That figure will then be multiplied by each Eligible Class Member's number of settlement shares to determine the Eligible Class Member's Settlement Award, unless the Eligible Class Member did not previously opt in to the case or timely return an Opt-In Consent Form, in which case the Settlement Award will be reduced by fifty percent (50%).  The amount of the 50% reduction applicable to all Eligible Class Members who did not previously opt in to the case or who do not timely return an Opt-In Consent Form

will be divided on a *pro rata* basis among all Eligible Class Members who previously opted in to the case or who timely return an Opt-In Consent Form. Each Eligible Class Member will receive a minimum amount of $250, regardless of the number of settlement shares allocated to that Eligible Class Member.

All Settlement Award determinations will be based on EMS' personnel and payroll records. The Settlement Administrator will deduct applicable employee payroll taxes and withholdings from the Settlement Awards as set forth in the Settlement Agreement.

If you receive a Settlement Award, you will have 180 days to cash your check that will be sent to you by the Settlement Administrator. If at the conclusion of the 180-day check void period, there are any uncashed checks and the remaining monies from those checks exceed $25,000.00, they will be redistributed to Eligible Class Members who cashed their checks on a *pro rata* basis relative to their Settlement Awards. If the remaining monies are less than $25,000.00, those monies will be paid to the Parties' agreed upon *cy pres* recipient, [INSERT], subject to the Court's approval in the Final Approval Order.

In exchange for cashing your check and obtaining your Settlement Award, each Eligible Class Member has agreed to the following release of claims:

> any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees that were or could have been asserted in the Complaint based on the facts alleged for alleged unpaid wages, overtime compensation, liquidated or other damages, unpaid costs, restitution or other compensation or relief arising under the FLSA, state wage and hour laws, or state common law claims related to any alleged failure to pay for work performed or to be performed (including conversion, breach of contract, unjust enrichment or quantum meruit) from June 9, 2012 and November 16, 2015, in weeks when the individual worked for Defendant as a Drill Pad Support Supervisor. Only Opt-In Plaintiffs or individuals who timely submit an Opt-In Consent Form shall release their FLSA claims against Releasees ("Released Claims").

**Please fill out and return the enclosed Opt-In Consent Form to receive your full Settlement Award.**

**It is your responsibility to keep a current address on file with the Settlement Administrator to ensure receipt of your monetary Settlement Award. If you fail to keep your address current, you may not receive your Settlement Award.**

| 4. | **What Are My Rights?** |
|---|---|

- If you are a Settlement Class Member and you do not exclude yourself from the Settlement, then you will receive a payment. If you timely submit an Opt-In Consent Form, you will receive your Full Settlement Award. If you do not timely submit an Opt-In Consent Form, you will receive fifty percent (50%) of your Settlement Award. **If you**

3

**already joined the case by filing an Opt-In Consent Form, you will not be sent an Opt-In Consent Form with this Notice and you do not need to do anything in order to receive your Full Settlement Award.**

- If you are a member of the Settlement Class and do not wish to be bound by the Settlement, and do not wish to receive a payment, you must submit a written exclusion from the Settlement ("opt-out"), postmarked by [INSERT]. The written request for exclusion must contain your full name, address, telephone number, email address (if applicable) and must be signed individually by you. No opt-out request may be made on behalf of a group. The opt-out request must be sent by mail to the Settlement Administrator at: [INSERT SETTLEMENT ADMIN INFO]. **Any person who requests exclusion (opts out) of the settlement will not be entitled to any Settlement Award and will not be bound by the Settlement Agreement or have any right to object, appeal or comment thereon**.

- If you received this Notice and wish to object to the Settlement, you must submit an objection stating the factual and legal grounds for your objection to the settlement. Your objection must state your full name, address, telephone number, and email address (if applicable), and must be signed by you. Any objection must be mailed to:

Alexandra K. Piazza                            Daniel L. Messeloff
**BERGER & MONTAGUE, P.C.**          **JACKSON LEWIS P.C.**
1622 Locust Street                              Park Center Plaza I, Suite 400
Philadelphia, Philadelphia 19103         6100 Oak Tree Blvd.
                                                          Cleveland, OH  44131

If you submit a written objection, you may also, if you wish, appear at the Final Approval Hearing to discuss your objection with the Court and the parties to the Lawsuit. Your written objection must state whether you will attend the Final Approval Hearing, and your written notice of your intention to appear at the Final Approval Hearing must be filed with the Court and served upon Class Counsel and EMS' Counsel on or before the Notice Deadline. If you wish to object to the Settlement but fail to return your timely written objection in the manner specified above, you shall be deemed to have waived any objection and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. The postmark date of mailing to Class Counsel and EMS' Counsel shall be the exclusive means for determining that an objection is timely mailed to counsel.

If the proposed Settlement is approved by the Court at the Final Approval Hearing, and you do not exclude yourself from the Settlement, a judgment will be entered by the Court that will dismiss any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees that were or could have been asserted in the Complaint based on the facts alleged for alleged unpaid wages, overtime compensation, liquidated or other damages, unpaid costs, restitution or other compensation or relief arising under Ohio wage and hour laws, or Ohio common law claims related to any alleged failure to pay for work performed or to be performed (including conversion, breach of contract, unjust enrichment or quantum meruit) from June 9, 2012 and November 16, 2015, in weeks when you

worked for EMS as a Drill Pad Support Supervisor. ("Ohio Law Settlement Class Released Claims").

| 5. | Can Defendant Retaliate Against Me for Participating in this Lawsuit? |
|---|---|

No.  If you are a current employee of EMS, your decision as to whether or not to participate in this Lawsuit will in no way affect your employment with EMS.  It is illegal for EMS to take any adverse employment action against you as a result of your participating in this Lawsuit.

| 6. | Who Are the Attorneys Representing Plaintiffs and the Settlement Class? |
|---|---|

Plaintiffs and the Settlement Class are represented by the following attorneys acting as Class Counsel:

Shanon J. Carson                               Jack Landskroner (0059227)
Sarah R. Schalman-Bergen              Drew Legando (0084209)
Alexandra L. Koropey                       Landskroner Greico Merriman, LLC
**BERGER & MONTAGUE, P.C.**      1360 W. 9th Street, Suite 200
1622 Locust Street                            Cleveland, OH 44113
Philadelphia, Philadelphia 19103     Phone: (216) 522-9000
Telephone: (215) 875-3033               Fax:     (216) 522-9007
Facsimile: (215) 875-4604                 Email: jack@lgmlegal.com
Email: akoropey@bm.net                              drew@lgmlegal.com
Website: www.bergermontague.com

| 7. | How Will the Attorneys for the Settlement Class Be Paid? |
|---|---|

Class Counsel will be paid from the gross settlement amount of $325,000.00.  You do not have to pay the attorneys who represent the Settlement Class.  The Settlement Agreement provides that Class Counsel will receive attorneys' fees of up to one-third (1/3) of the gross settlement amount ($108,333.00) plus their out-of-pocket costs, which are presently $7,686.  Class Counsel will file a Motion for Attorneys' Fees and Costs with the Court.  The amount of attorneys' fees and costs awarded will be determined by the Court at the Final Approval Hearing.

# **EXHIBIT B**

## OPT-IN CONSENT FORM

*Grimsley v. Environmental Management Specialists, Inc.*, 2:15-cv-02371-MHW-NMK (S.D. Oh)

**COMPLETE AND MAIL, FAX OR EMAIL THIS FORM TO:**
Attn: EMS Intervention Services Overtime Settlement
[INSERT]
Telephone Number: _____
Fax Number: _____
Email Address: _____

**CLAIMANT INFORMATION:**                    **Claim No.:**

[INSERT CLAIMANT NAME AND ADDRESS]          If different than the preprinted data to the left, please print your correct legal name, current address and Social Security Number here:

**Telephone No.:**

**Email Address:**

**Social Security No.:** xxx-xx-[INSERT]

**TO RECEIVE YOUR FULL SETTLEMENT AWARD IN THIS SETTLEMENT, PLEASE SIGN AND RETURN THIS OPT-IN CONSENT FORM POSTMARKED BY _____, 2016.**

If your address changes, you must send the Settlement Administrator your new address. It is your responsibility to keep your address on file and up-to-date with the Settlement Administrator so that you can be sure to receive your monetary Settlement Award.

By signing below, I certify that I hereby consent and agree to join this lawsuit, and I hereby opt in to become a plaintiff in this lawsuit and consent to be bound by the collective action settlement, including of all Released Claims as set forth in the NOTICE OF FAIR LABOR STANDARDS ACT ("FLSA") COLLECTIVE AND CLASS ACTION SETTLEMENT.

I understand and agree that my signature below constitutes a full and complete release by me of Environmental Management Specialists, Inc. and its past, present and future parent companies, subsidiaries, affiliates, divisions, agents, employees, owners, members, officers, directors, investors, legal representatives, executors, administrators, general partners, limited partners, real or alleged alter egos, predecessors, successors, transferees, assigns, and insurers for any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees that were or could have been asserted in the Complaint based on the facts alleged for alleged unpaid wages, overtime compensation, liquidated or other damages, unpaid costs, restitution or other compensation or relief arising under the FLSA, state wage and hour laws, or state common law claims (including unjust enrichment or quantum meruit) from June 9, 2012 to [DATE] in weeks when the individual worked for Defendant as a Drill Pad Support Supervisor.

Date:_____                    _____
                                         Signature