UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Justyn A. Grimsley,
*individually and on behalf
of all persons similarly
situated*,

      Plaintiff,

      v.

Environmental Management
Specialists, Inc.,

      Defendant.

Case No. 2:15–cv–2371

Judge Michael H. Watson

## PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

The parties have entered into a proposed Settlement Agreement, which, if approved, would resolve this putative class and collective action against Defendant Environmental Management Specialists, Inc. ("Defendant").

Justyn A. Grimsley ("Plaintiff") moves, unopposed, for preliminary approval of the Settlement Agreement. ECF No. 31. The Court has reviewed Plaintiff's motion and the Settlement Agreement. For good cause shown and after careful consideration, the Court finds a sufficient basis for: (1) preliminary approval of the Settlement Agreement; (2) conditionally certifying an Ohio class for settlement purposes only; (3) conditionally certifying the Fair Labor Standards Act ("FLSA")

claims pursuant to 29 U.S.C. § 216(b); (4) appointing Plaintiff Justyn A. Grimsley as class representative of the Ohio Settlement Class and his attorneys as class counsel; (5) approving The Angeion Group as Settlement Administrator and preliminarily approving the costs of administration; (6) directing notice to be disseminated to the Ohio Settlement Class in the form and method provided in the Settlement Agreement; and (7) scheduling a fairness hearing.

The Court grants Plaintiff's Motion for Preliminary Approval and makes the following findings and orders:

1.  Plaintiff Justyn A. Grimsely is hereby appointed as class representative of the Ohio Settlement Class.

2.  Berger & Montague, P.C. and Landskronner Grieco & Merriman, LLC ("Settlement Counsel") are preliminarily approved as class counsel for the Ohio Settlement Class.

3.  The Angeion Group is preliminarily approved as Settlement Administrator, and the costs of settlement administration are preliminarily approved.

4.  For settlement purposes only, the class meets the requirements of Federal Rules of Civil Procedure 23. The class is so numerous that joinder of all class members would be impracticable. Defendant has acted on grounds that apply generally to the class such that final relief is appropriate respecting the

class as a whole. The claims of the named Plaintiff are both typical and identical to those of the class. The named Plaintiff and his Settlement Counsel will adequately and fairly protect the interests of the class, as the named Plaintiff has no interest antagonistic to the class and has retained experienced and competent counsel to prosecute this matter on behalf of the class. A class settlement is also superior to other methods available for a fair and efficient resolution of this controversy.

5. For settlement purposes, Plaintiff's FLSA claims are conditionally certified pursuant to 29 U.S.C. § 216(b).

6. The following Ohio Settlement Class meets the requirements of Federal Rules of Civil Procedure 23(b)(3) and is hereby conditionally certified for settlement purposes only:

> All current or former employees of Environmental Management Specialists, Inc. who performed work as Drill Pad Support Supervisors at any time between June 9, 2012 and November 16, 2015 unless removed from the State Settlement Class by either (a) timely opting out of the Settlement or (b) being identified by the Settlement Administrator as having his/her Notice of Settlement returned as undeliverable (and not subsequently delivered prior to the Notice Deadline following the Settlement Administrator's reasonable efforts).

7. The Settlement Agreement is hereby preliminarily approved for the purpose of giving notice of the Settlement Agreement to class members. The Settlement Agreement is within the range of possible approval and appears

sufficiently fair and reasonable to warrant providing notice to the Settlement Class. The Settlement Agreement contains no obvious deficiencies and the parties have entered into the Settlement Agreement in good faith, following arm's length negotiations.

8. The Settlement Agreement is hereby preliminarily approved as a fair and reasonable resolution of a *bona fide* dispute under the FLSA.

9. There are substantial risks, expense, and delay likely in the event that this matter is not settled.

10. The Class is represented by experienced counsel who have competently evaluated the strength of their proofs and are well-situated to evaluate the strengths of Plaintiff's claims and Defendant's defenses.

11. The settlement proposed obtains substantial relief for class members.

12. The proposed Class Notice and Opt-In Consent Form, attached to the Settlement Agreement as Exhibits A and B, are approved and shall be sent out pursuant to the terms of the Settlement Agreement.

13. The Court finds this method of notice is the best notice practicable and constitutes due and sufficient notice to all persons entitled to receive notice of the matters set forth in the notice. Plaintiff shall, at or before the Hearing, file proof of mailing of the notice.

14. The following schedule and procedures for completing the final approval process as set forth in the Parties' Settlement Agreement are hereby approved: (1) Defendant shall provide class counsel with updates to the electronic database it previously produced within fifteen business days of the date of this Order; (2) Plaintiff shall mail the class notice and opt-in consent form within five business days after receiving the contact information for the Settlement Class; (3) Plaintiff shall send a reminder notice thirty days after the notice and opt-in consent form are initially mailed; (4) Plaintiff's motion for approval of attorneys' fees and costs is due forty-five days after the notice and opt-in consent form are initially mailed; (5) the deadline to postmark the opt-in consent form and the deadline for objections or requests for exclusion is sixty days after the notice and opt-in consent form are initially mailed; (6) any motion for final approval shall be due five business days prior to the final approval hearing.

15. A hearing in this Court shall be held on **Monday, September 12, 2016 at 11:00 a.m.** (the "Hearing") before the Undersigned in Courtroom 3 at the Joseph P. Kinneary United States Courthouse, located at 85 Marconi Boulevard, Columbus, Ohio 43215. At the Hearing, the Court will: (i) consider final certification of the class for settlement only, (ii) hear evidence and argument concerning whether the proposed Settlement Agreement is fair, reasonable, and

adequate and should be approved by the Court, (iii) hear evidence and argument concerning whether an Order and Final Judgment should be entered, (iv) consider any request for an award of attorneys' fees and costs, and (v) consider such other matters as the Court may deem appropriate.

16. Any class member may appear personally or by counsel at the Hearing and may object or express his or her view regarding the Settlement Agreement. However, a class member will not be heard, nor be entitled to contest the approval by the Court of the Settlement Agreement, unless he or she files with the Clerk of Court, prior to the Hearing, written objections, together with any notice of intention to appear and any papers he or she proposes to submit to this Court at the Hearing, and serves all such objections and other papers upon class counsel and Defendant's counsel.

17. The parties shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005 (28 U.S.C. § 1715(b)) no later than twenty-one days after entry of this Order.

18. The Court reserves the right to adjourn and postpone the Hearing without further notice other than oral announcement at the Hearing.

**IT IS SO ORDERED.**

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT