## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Justyn A. Grimsley,
*individually and on behalf*
*of all persons similarly*
*situated*,

   **Plaintiff**,

    **v.**

**Environmental Management**
**Specialists, Inc.**,

   **Defendant.**

Case No. 2:15–cv–2371

Judge Michael H. Watson
Magistrate Judge Jolson

## OPINION AND ORDER

   Justyn A. Grimsley ("Named Plaintiff"), individually and on behalf of a class of persons similarly situated, moves, unopposed, for final approval of class action settlement and application for an award of attorneys' fees and expenses.  ECF Nos. 36 & 38.  For the reasons that follow, these motions are **GRANTED**.

I.

   This is a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and a class action under Rule 23 of the Federal Rules of Civil Procedure.  In this wage-and-hour case, Plaintiff alleges nationwide violations of the FLSA and the Ohio Fair Minimum Wage Standards Act, Ohio Rev. Code Ann. § 4111.01, *et seq.* ("OFMWSA"), as well as common law unjust

enrichment. *See generally* Compl., ECF No. 1. Named Plaintiff specifically alleges that Environmental Management Specialists, Inc. ("Defendant") had a policy and practice of failing to pay its Drill Pad Support Supervisors overtime wages when they worked more than forty (40) hours in a workweek. *Id.*

After arm's length negotiations, the parties reached a settlement. For settlement purposes, the settlement class ("Settlement Class") was defined as and preliminarily certified as:

> All current or former employees of Environmental Management Specialists, Inc. who performed work as Drill Pad Support Supervisors at any time between June 9, 2012 and November 16, 2015 unless removed from the State Settlement Class by either (a) timely opting out of the Settlement or (b) being identified by the Settlement Administrator[1] as having his/her Notice of Settlement returned as undeliverable (and not subsequently delivered prior to the Notice Deadline following the Settlement Administrator's reasonable efforts).

Prelim. Approval Order ¶ 6, ECF No. 34. *See also* Settlement Agmt. ¶ 13(o), ECF No. 31-1.

Pursuant to the settlement ("Settlement Agreement"), Defendant has made available to the Settlement Class a gross settlement amount of $325,000.00 ("gross settlement amount"). Settlement Agmt. ¶¶ 13(l), 20 ECF No. 31-1. Awards to the Settlement Class members are to be paid from the gross settlement amount, less attorneys' fees and out-of-pocket costs incurred by class

---

[1] The Settlement Administrator is identified as The Angeion Group. Settlement Agmt. ¶ 13(x), ECF No. 31-1.

counsel,[2] an additional service award to Named Plaintiff not to exceed $10,000.000, and costs related to administering the settlement, not to exceed $5,750. *Id.* at ¶¶ 13(m), 20–21. The Settlement Agreement specified that payment of attorneys' fees to Class Counsel would not exceed one-third of the gross settlement amount, and Class Counsel aver that out-of-pocket costs currently amount to $11,973.90. *Id.* at ¶¶ 13(m), 21(b); Second Schalman-Bergen Decl. ¶ 17 n.1, ECF No. 38-2.

Assuming that the Court approves Class Counsel's request for attorneys' fees and costs, a net settlement amount of approximately $188,942.77 (the "net settlement amount") will be distributed to the Settlement Class. Second Schalman-Bergen Decl. ¶ 17, ECF No. 38-2.[3] The Settlement Agreement specified that all eligible Settlement Class members will receive a *pro rata* share of the net settlement amount based on the total number of weeks that the eligible class member worked for Defendant as a Drill Pad Support Supervisor between June 9, 2012, and November 16, 2015. *Id.* at ¶¶ 18–23; Settlement Agmt. ¶¶ 13(g), 18–23, ECF No. 31-1. The settlement awards for eligible Settlement Class

---

[2] Class counsel includes counsel from the law firms of Berger & Montague, P.C. and Landskroner Grieco Merriman, LLC ("Class Counsel"). Settlement Agmt. ¶ 13(c), ECF No. 31-1.

[3] The estimated net settlement amount was calculated by deducting the following amounts from the gross settlement amount, $325,000.00: Attorneys' fees totaling $108,333.33; actual, current costs totaling $11,973.90; a service award to Named Plaintiff in the amount of $10,000.00; and settlement administration costs in the amount of $5,750.00. *Id.*

members who do not opt-in—and therefore have not released their FLSA claim—will be reduced by fifty percent (50%). Second Schalman-Bergen Decl. ¶¶ 20–21, ECF No. 38-2; Settlement Agmt. ¶ 23, ECF No. 31-1.

On May 10, 2016, the Court preliminarily approved the parties' settlement, conditionally certified a class, directed that notice be provided to the class members, and scheduled a fairness hearing. Prelim. Approval Order, ECF No. 34.

Consistent with the Preliminary Approval Order ¶¶ 12–13, ECF No. 34, and the Settlement Agreement ¶¶ 15–17, ECF No. 31-1, counsel with Berger & Montague, P.C. provided notice to the forty-nine (49) members of the Settlement Class. Schalman-Bergen Decl. ¶¶ 1–11, ECF No. 38-2; Second Schalman-Bergen Decl. Exh. A (copy of notice), ECF No. 38-2. A total of forty-four (44) Settlement Class members returned claim forms, representing approximately 89.80% of the forty-nine (49) Settlement Class members. Second Schalman-Bergen Decl. ¶¶ 14, 16, ECF No. 38-2. Notice to one of the remaining five Settlement Class members was deemed undeliverable via first-class U.S. mail and email. Id. at ¶ 12.

A fairness hearing proceeded as scheduled on September 12, 2016. No objections to the proposed settlement have been received, Second Schalman-

Bergen Decl. ¶ 15, ECF No. 38-2., and no members of the class appeared at the hearing.

## II.

The Named Plaintiff moves the Court to approve the Settlement Agreement, which includes class action claims and collective action claims under the FLSA. In determining whether to finally approve the Settlement Agreement, the Court must consider Federal Rule of Civil Procedure 23. To the extent that the Named Plaintiff seeks to settle the FLSA claims, the Settlement Agreement is subject to approval by the Court under 29 U.S.C. § 216(b).

### A.    Class Certification Under Fed. R. Civ. P. 23

For settlement purposes, the Settlement Class was defined as and preliminarily certified as:

> All current or former employees of Environmental Management Specialists, Inc. who performed work as Drill Pad Support Supervisors at any time between June 9, 2012 and November 16, 2015 unless removed from the State Settlement Class by either (a) timely opting out of the Settlement or (b) being identified by the Settlement Administrator as having his/her Notice of Settlement returned as undeliverable (and not subsequently delivered prior to the Notice Deadline following the Settlement Administrator's reasonable efforts).

Prelim. Approval Order ¶ 6, ECF No. 34. *See also* Settlement Agmt. ¶ 13(o), ECF No. 31-1.

The Court retains broad discretion in determining whether an action may be certified as a class action, but must first perform a "rigorous analysis" of the requirements under Federal Rule of Civil Procedure 23. *Stout v. J.D. Byrider*, 228 F.3d 709, 716 (6th Cir. 2000) (internal quotation marks omitted). Rule 23(a) establishes four prerequisites to class certification: numerosity, commonality, typicality, and adequacy. Fed. R. Civ. P. 23(a). *See also*, *e.g.*, *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537 (6th Cir. 2012). "In addition to fulfilling the four prerequisites of Rule 23(a), the proposed class must also meet at least one of the three requirements listed in Rule 23(b)." *In re Whirlpool Corp. Front-Loading Washer Products Liability Litig.*, 722 F.3d 838, 850 (6th Cir. 2013). Here, Named Plaintiff seeks class certification under Rule 23(b)(3). The Court will consider each of these requirements for class certification.

### 1.    Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all member is impracticable[.]" Fed. R. Civ. P. 23(a)(1). Although this is not a "strict numerical test," "substantial numbers" of affected people are sufficient to satisfy this requirement. *In re Whirlpool Corp.*, 722 F.3d at 852 (internal quotation marks omitted).

Here, the parties have identified forty-nine (49) Settlement Class members. The Court is satisfied this prerequisite has been met. *See*, *e.g.*, *id.*; *Taylor v.*

*CSX Transp., Inc.*, 264 F.R.D. 281, 288 (N.D. Ohio 2007) ("'[I]t is generally accepted that a class of 40 or more members is sufficient to establish numerosity.'" (quoting *Appoloni v. United States*, 218 F.R.D. 556, 561 (W.D. Mich. 2003))).

### 2. Commonality

"[T]he commonality requirement will be satisfied as long as the members of the class have allegedly been affected by a general policy of the Defendant and the general policy is the focus of the litigation." *Bovee v. Coopers & Lybrand*, 216 F.R.D. 596, 608 (S.D. Ohio 2003) (internal quotation marks and citations omitted). *See also In re Whirlpool Corp.*, 722 F.3d at 852 ("To demonstrate commonality, plaintiffs must show that class members have suffered the same injury.").

In this case, Plaintiff and the Settlement Class members' claims arise from Defendant's common pay policies. Common issues include, *inter alia*, the following: Whether Settlement Class members are entitled to overtime compensation for the hours they worked; whether the Settlement Class members were similarly denied compensation for all hours worked; and whether Defendant's policy of paying a salary without paying for overtime compensation violated Ohio state law. For these reasons, this case presents common issues of

fact sufficient to satisfy the requirements of Rule 23(a)(2). *See, e.g., id.* ("[T]here need be only one common question to certify a class.").

### 3. Typicality

A named plaintiff's claim "is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *In re Am. Med. Sys.*, 75 F.3d 1069, 1082 (6th Cir. 1996).

Here, the Named Plaintiff's claims, like those claims of the Settlement Class, arise from Defendant's decision of worker classification. The Named Plaintiff's theory that Defendant violated the FLSA and Ohio state law by failing to compensate for overtime is the same legal theory under which the Settlement Class members would pursue to seek recovery. *See id.* The facts and issues underlying the claims of the Named Plaintiff and the Settlement Class members, *i.e.*, job dues as well as the exempt classification and whether that classification was proper, are also the same. For these reasons, the typicality requirement has been satisfied.

### 4. Adequacy

In considering adequacy of representation, the Court considers two factors. *Kritzer v. Safelite Solutions, LLC*, No. 2:10–cv–0729, 2012 WL 1945144, at *3 (S.D. Ohio May 30, 2012). First, the Court considers whether the Named

Plaintiff shares common interests with the unnamed Settlement Class members. *Id.* Second, the Court looks to whether the Named Plaintiff "'will vigorously prosecute the interests of the class through qualified counsel.'" *Id.* (quoting *Senter v. GMC*, 532 F.2d 511, 525 (6th Cir. 1976)). "The adequate representation requirement overlaps with the typicality requirement because in the absence of typical claims, the class representative has no incentives to pursue the claims of the other class members." *In re Am. Med. Sys.*, 75 F.3d 1069, 1083.

As discussed *supra*, the Named Plaintiff's claims are typical of the class, motivating him to pursue class claims. In addition, the Court has received no objections suggesting that the Named Plaintiff will not vigorously pursue the class claims. This record persuades the Court that the Named Plaintiff will effectively advocate for the class in pursuing his own claims.

Moreover, Class Counsel have extensive experience representing employees in class action litigation, including employment class and collective actions similar to this unpaid wage case. In light of the Named Plaintiff's and Class Counsel's ability to vigorously prosecute the claims of the Settlement Class and because there is no conflict of interest between the Named Plaintiff and the rest of the Settlement Class, the Court finds that the Named Plaintiff and Class Counsel will fairly and adequately protect the interests of the Settlement Class.

### 5.    Rule 23(b)(3)

Having determined that the four prerequisites of Rule 23(a) are satisfied, the Court now considers whether this action may properly be maintained as a class action under one of the subdivisions of Rule 23(b). Here, Named Plaintiff seeks class certification under Rule 23(b)(3), which provides that class certification is appropriate if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Factors relevant to these findings include the following:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

For the reasons previously discussed, the Settlement Class satisfies the predominance requirement. Moreover, providing an immediate and substantial benefit to the members of the Settlement Class through a class action is superior to multiple duplicative court proceedings. The legal fees associated with each

separate action would likely outweigh the average award to each putative class member (just under $4,000.00). *Cf. Rotuna v. West Customer Mgmt. Grp., LLC,* No. 4:09CV1608, 2010 WL 2490989, at *4 (N.D. Ohio 2010) ("Given the arguably limited resources of each individual class member, there is a strong interest in prosecuting the claims in one particular forum."). Accordingly, the Court **GRANTS** Named Plaintiff's motion to approve the Settlement Class for purposes of settlement and approves the maintenance of this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3).

### 6. Adequacy of Notice

Any class certified under Rule 23(b)(3) must satisfy the notice requirements under Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e). The latter rule requires that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval" and must be preceded by notice to class members. Fed. R. Civ. P. 23(e). Under Rule 23(c)(2), notice to the class must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The notice must be "'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Int'l Union, United Auto., Aerospace, and Agric. Implement*

*Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 629–30 (6th Cir. 2007) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Here, Class Counsel aver that they provided the best notice practicable. *See* Second Schalman-Bergen Decl. ¶¶ 4–15, ECF No. 38-2. The Court agrees. The notice "explained its purpose, discussed the nature of the pending suit and proposed class and accurately summarized the [] settlement agreement." *Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am.*, 497 F.3d at 630. *See also* Notice, ECF No. 38-2. In other words, the notice "'fairly apprise[d] the prospective members of the class of the terms of the proposed settlement' so that class members may come to their own conclusions about whether the settlement serves their interests." *Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am.*, 497 F.3d at 630 (quoting *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 122 (8th Cir.1975)). Notably, as discussed *supra*, notice to only one Settlement Class member was deemed undeliverable, *see* Second Schalman-Bergen Decl. ¶ 12, ECF No. 38-2, and no objections were received. Based on this record, the Court concludes that the notice was sufficient.

**B.     FLSA Claims**

The proposed Settlement Agreement seeks to settle the FLSA collective action claims. *See* Settlement Agmt. ¶¶ 13(v), 14 (identifying released claims as,

*inter alia*, FLSA collective action claims). "Where there is a bona fide dispute under the FLSA, a district court may be satisfied that the parties are not, via settlement of the plaintiffs' claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime." *Kritzer*, 2012 WL 1945144, at *5 (internal quotation marks and citations omitted). As discussed *supra*, Named Plaintiff alleges that Defendant had a policy and practice of failing to pay its Drill Pad Support Supervisors overtime wages when they worked more than forty (40) hours in a workweek. Defendant, conversely, disputes its liability and is prepared to advance various defenses. First Schalman-Bergen Decl. ¶¶ 8, 10, ECF No. 36-2. This record, as well as the lack of evidence of fraud or collusion in reaching the settlement in this case, *see infra*, satisfies the Court that the Settlement Agreement does not attempt to negotiate around the FLSA requirements of compensation for all hours worked.

### III.

In deciding whether to approve the proposed settlement, the Court must also consider whether the Settlement Agreement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). In making this determination, the Court considers the following factors:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged

in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 244

(6th Cir. 2011) (citations and internal quotation marks omitted). The Court

"enjoys wide discretion in assessing the weight and applicability of these factors."

*Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205-06 (6th Cir. 1992).

For the reasons that follow, the Court concludes that the Settlement

Agreement is fair, adequate, and reasonable and that there exists a bona fide

dispute as to Defendant's liability under the FLSA.

## A.    The Risk of Fraud or Collusion

First, the Court finds that there is no evidence—or even a suggestion—that

the settlement was the product of fraud or conclusion. *See IUE-CWA v. Gen.*

*Motors Corp.*, 238 F.R.D. 583, 598 (E.D. Mich. 2006) ("Courts presume the

absence of fraud or collusion unless there is evidence to the contrary."). The

Settlement Agreement is the result of arm's-length, well-researched negotiations.

*See* Second Schalman-Bergen Decl. ¶ 7, ECF No. 38-2. An experienced

mediator conducted the parties' mediation. *Id.* When the parties were unable to

reach an agreement during that mediation, further correspondence and additional

arm's-length negotiations resulted in a settlement in principle. *Id.* The Court

concludes that this factor favors approval of the Settlement Agreement.

### B. Complexity, Expense, and Likely Duration of the Litigation and Amount of Discovery Engaged in By the Parties

"Wage-and-hour collective and class actions are, by their very nature, complicated and time-consuming." *Swigart v. Fifth Third Bank*, No. 1:11–cv–88, 2014 WL 3447947, at *7 (S.D. Ohio July 11, 2014) (citations omitted). This case has been pending since June 9, 2015. Prior to mediation, the parties engaged in substantial informal discovery that enabled the parties to assess the losses suffered by the Settlement Class. First Schalman-Bergen Decl. ¶ 7, ECF No. 36-2. Specifically, Class Counsel explained at the fairness hearing that the discovery enabled them to perform a damages analysis. Absent settlement, continued litigation is likely to be protracted, requiring "substantial" additional preparation and discovery, including additional depositions as well as the production of documentary evidence and expert reports. *Id.* at ¶ 10. These factors therefore weigh in favor of approving the Settlement Agreement.

### C. The Likelihood of Success on the Merits

Turning to the next consideration, "[t]he likelihood of success . . . provides a gauge from which the benefits of the settlement must be measured." *In re Gen. Tire and Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1086 (6th Cir. 1984). Here, Plaintiff alleges, *inter alia*, that Defendant violated the FLSA and OFMWSA by failing to pay its Drill Pad Support Supervisors overtime wages when they worked more than forty (40) hours in a workweek. While the merits of these claims have

yet to be considered, the likelihood of success on the merits is not certain.

Defendant has raised several defenses and, as Plaintiff recognizes, there exists

an inherent risk in litigation and trial in FLSA actions. First Schalman-Bergen

Decl. ¶¶ 2–5, ECF No. 36-2. *See also*, *e.g.*, *Foster v. Nationwide Mut. Ins. Co.*,

710 F.3d 640, 643 (6th Cir. 2013) (affirming verdict following bench trial that

special investigators were exempt from FLSA overtime pay requirements); *Henry*

*v. Quicken Loans, Inc.*, 698 F.3d 897 (6th Cir. 2012) (affirming jury verdict

following a five-week trial that mortgage brokers fell within an exemption to the

FLSA overtime pay requirements). In light of the uncertainty of success on the

merits, this factor weighs in favor of approving the Settlement Agreement.

### D. The Opinions of Class Counsel and Class Representatives

The recommendation of Class Counsel, skilled in wage and hour class

action litigation, that the Court should approve the Settlement Agreement is

entitled to deference. *See*, *e.g.*, *Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th

Cir. 1983) ("The court should defer to the judgment of experienced counsel who

has competently evaluated the strength of his proofs. . . . [T]he deference

afforded counsel should correspond to the amount of discovery completed and

the character of the evidence uncovered."). *See also Kritzer*, 2012 WL 1945144,

at *7 ("The Court gives weight to the belief of experienced counsel that a

settlement is in the best interests of the class.").

In this case, Class Counsel have extensive experience representing employees in class action litigation, including employment class and collective actions similar to this unpaid wage case. First Schalman-Bergen Decl. ¶¶ 2–5, ECF No. 36-2; First Landskroner Decl. ¶¶ 2–3, ECF No. 36-3. After significant preparation, the parties participated in mediation with an experienced mediator. First Schalman-Bergen Decl. ¶ 7, ECF No. 36-2. Following continued arm's-length negotiations, the parties reached a settlement in principle, including a gross settlement amount of $325,000.00. *Id.* Equipped with extensive experience, Class Counsel have concluded that this settlement is not only fair and reasonable but also an excellent result and confers substantial benefits on the Settlement Class. *Id.* at ¶¶ 8–11.[4] Notably, the gross settlement amount represents more than 100% of the unpaid overtime damages owed to the Settlement Class members. *Id.* at ¶ 9. Class Counsel's opinion is based on the advantage of significant and immediate compensation compared with the risks and delay inherent in continued litigation. *Id.* at ¶¶ 8, 10–11. Named Plaintiff also approves the Settlement Agreement. *Cf.* Settlement Agmt. ¶ 14, ECF No. 31-1. The Court therefore finds that this factor favors approval of the Settlement Agreement.

---

[4] Based on initial calculations, Class Counsel estimate the average settlement award to be $3,855.97. Second Schalman-Bergen Decl. ¶ 23, ECF No. 38-2.

### E.    The Reaction of Absent Class Members

As noted *supra*, notice of the settlement and of the fairness hearing was sent to all Settlement Class members.  Class Counsel received overwhelming approval from the Settlement Class:  Forty-four (44) of forty-nine (49) Settlement Class members timely returned claim forms, representing approximately 89.80% of the Settlement Class.  Notably, there have been no objections and no requests for exclusion.  Second Schalman-Bergen Decl. ¶ 15, ECF No. 38-2.  This positive response from the Settlement Class weighs in favor of approving the settlement. *See Swigart*, 2014 WL 3447947, at *4 (finding that where 92% of the eligible participants submitted claim forms, "[t]his overwhelmingly positive reaction to the settlement supports approval").

### F.    The Public Interest

"Public policy generally favors settlement of class action lawsuits." *Id.* (citations omitted).  In this case, the Settlement Agreement confers immediate benefits on the Settlement Class, avoids the risks and expense in further litigation, and conserves judicial resources.  The Court therefore finds that this factor favors approving the settlement.

In sum, after considering all of the relevant factors, the Court concludes that the Settlement Agreement provides a substantial benefit to the parties and is fair, reasonable, and adequate.  *See* Fed. R. Civ. P. 23(e)(2).

## IV.

### A.    Attorneys' Fees

The Settlement Agreement provides that payment of attorneys' fees to Class Counsel would not exceed one-third of the gross settlement amount. Settlement Agmt. ¶¶ 13(m), 21(b), ECF No. 31-1. Class Counsel have moved for an attorneys' fee award of $108,333.33, which is one-third of the gross settlement amount. *Id.*; Mot., ECF No. 36.

"An award of attorneys' fees and costs must be reasonable, meaning an award adequate to attract competent counsel but one that does not produce a windfall to attorneys." *Kritzer*, 2012 WL 1945144, at *9. In evaluating whether the amount of the award is reasonable, courts consider the following factors: "'(1) the value of the benefit rendered for the class, (2) society's stake in rewarding attorneys who produce such benefits, (3) whether the services were undertaken on a contingent fee basis, (4) the value of the services on an hourly basis, (5) the complexity of the litigation, and (6) the professional skill and standing of the attorneys involved.'" *Feiertag v. DDP Holdings, LLC*, No. 14–CV–2643, 2016 WL 4721208, at *6 (S.D. Ohio Sept. 9, 2016) (quoting *Kritzer*, 2012 WL 1945144, at *9).

The Court concludes that all of these factors weigh in favor of approving an award of attorneys' fees.

As to the first factor, the gross settlement amount represents more than 100% of the unpaid overtime damages owed to the Settlement Class members. First Schalman-Bergen Decl. ¶ 9, ECF No. 36-2. Each Settlement Class member will receive a *pro rata* share of the net settlement amount based on the total number of weeks that the eligible class member worked for Defendant as a Drill Pad Support Supervisor between June 9, 2012, and November 16, 2015. Second Schalman-Bergen Decl. ¶ 18, ECF No. 38-2. In calculating these amounts, each Settlement Class member will receive a minimum amount of $250.00, with the average settlement award 3,855.97. *Id.* at ¶¶ 22–23. In other words, the Settlement Class members will be fairly compensated for their previously unpaid wages. As discussed *supra*, receiving this compensation without delay is preferable to each Settlement Class member initiating, and paying for, individual lawsuits.

Second, society's stake in rewarding attorneys who produce such benefits militates in favor of an award of the requested attorneys' fees. Class Counsel has secured overtime damages for a Settlement Class of forty-nine (49) members. "Without this lawsuit, many of them would not have known what they were owed and, even if they did, would not have found it practicable or in their best interest to vindicate their rights." *Feiertag*, 2016 WL 4721208, at *7. *See also Kritzer*, 2012 WL 1945144, at *9 ("Society has a stake in rewarding

attorneys who achieve a result that the individual class members probably could not obtain on their own.").

Third, Class Counsel agreed to undertake this case on a contingency basis. First Schalman-Bergen Decl. ¶ 31, ECF No. 36-2. In doing so, Class Counsel assumed a real risk in taking on this case, preparing to invest time, effort, and money over a period of years with no guarantee of recovery. *Id*. Notably, Class Counsel expended over 223 hours and spent over $11,000.00, in expenses. This factor weighs in favor of approving the requested fee award. *See, e.g., Feiertag*, 2016 WL 4721208, at *7; *Kritzer*, 2012 WL 1945144, at *9.

The Court next considers whether the fourth factor, the value of the services on an hourly basis, favors the proposed fee award. While performing a cross-check on the percentage method using Class Counsel's lodestar is optional, *Feiertag*, 2016 WL 4721208, at *7, the Court concludes that doing so weighs in favor granting the requested fee award. Class Counsel seeks a fee award of $108,333.33, which represents one-third of the gross settlement amount. Class Counsel's lodestar, when taking into account future work by the time the claims submission period ends, is estimated at approximately $120,000.00. First Schalman-Bergen Decl. ¶¶ 18, 20, ECF No. 36-2 (explaining that anticipated future work includes, *inter alia*, working with the claims administrator, communicating with Settlement Class members, overseeing the

claims process). In other words, the amount of fees requested is less than what the fee would be under the lodestar calculation, strongly favoring approval of the requested amount. *See Kritzer*, 2012 WL 1945144, at *10.

The remaining two factors, the complexity of the litigation and the professional skill and standing of the attorneys involved, also militate in favor of granting the requested award. This is a complex wage-and-hour putative class action in which the parties disputed whether Defendant's Drill Pad Support Supervisors were entitled to overtime wages or fell into one of the FLSA's exemptions. As discussed above, Defendant contested its liability and advanced several defenses. Class Counsel have extensive experience representing employees in class action litigation, including employment class and collective actions similar to this unpaid wage case. First Schalman-Bergen Decl. ¶¶ 2–5, ECF No. 36-2; First Landskroner Decl. ¶¶ 2–3, ECF No. 36-3. Moreover, the hours expended and time records submitted by Class Counsel further underscore their competency and efficient handling of this matter, favoring approval. *See* First Schalman-Bergen Decl. ¶¶ 13–15, ECF No. 36-2; Second Landskroner Decl., ECF No. 41-1; Ex. B PAGEID ## 340–56 (copies of Class Counsel's billing records), ECF No. 41-1. *See also Kritzer*, 2012 WL 1945144, at *10.

For all of these reasons, the Court concludes that these factors favor approval of the fee award of $108,333.33 to Class Counsel.

### B.    Settlement Administration Costs and Out-of-Pocket Expenses

Under the Settlement Agreement, Class Counsel may seek reimbursement of settlement administration costs (not to exceed $5,750.00) as well as out-of-pocket expenses.  Settlement Agmt. ¶ 21, ECF No. 31-1.

The Court awards $5,750.00 for reimbursement of costs associated with settlement administration, which includes, *inter alia*, transferring the gross settlement amount to a qualified settlement fund in satisfaction of Treasury regulations as well as the preparation and mailing of settlement checks.  Settlement Agmt. ¶¶ 14, 20, ECF No. 31-1.

Class Counsel avers that out-of-pocket costs currently amount to $11,973.90, which include legal research, photocopying, postage, travel, and mediator fees.  First Schalman-Bergen Decl. ¶¶ 32–35, ECF No. 36-2; Second Schalman-Bergen Decl. ¶ 17 n.1, ECF No. 38-2.  The Court finds that these costs were necessary to litigate and settle this case.  *Cf. Feiertag*, 2016 WL 4721208, at *8.

### C.    Class Representative Service Award

The Settlement Agreement provides for a service award to Named Plaintiff in addition to the recovery of unpaid overtime for the time he worked as a Drill

Pad Support Supervisor for Defendant. Settlement Agmt. ¶ 21(a), ECF No. 31-1.

Service "awards are efficacious ways of encouraging members of a class to

become class representatives and rewarding individual efforts taken on behalf of

the class." *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003) (reviewing such

awards under an abuse of discretion standard). Notably, "courts routinely

approve incentive awards to compensate named plaintiffs for the services they

provided and the risks they incurred during the course of the class action

litigation." *Dillworth v. Case Farms Processing, Inc.*, No. 5:08–cv–1694, 2010

WL 776933, at *7 (N.D. Ohio Mar. 8, 2010) (internal quotation marks and

citations omitted).

Here, the Settlement Agreement proposes to award $10,000.00, to Named

Plaintiff for his efforts in bringing and pursuing this action, and in consideration of

his general release. Settlement Agmt. ¶¶ 14(a), 21(a), ECF No. 31-1. As Class

Counsel points out, Named Plaintiff took a risk in representing his fellow

employees and provided necessary information to Class Counsel, including, *inter*

*alia*, information about his employment and Defendant's policies and practices.

Mot. PAGEID # 309, ECF No. 39. In light of this service, the Court approves the

service award in the amount of $10,000.00, to Named Plaintiff.

**V.**

Finally, pursuant to the Settlement Agreement, in the unlikely event that participating Settlement Class members do not cash their settlement checks before the expiration date (180 days from the date of issuance), and the excess funds are less than $25,000.00, those funds are to be donated to The Village Project, the *cy pres* beneficiary agreed upon by the parties. *See* Settlement Agmt. ¶ 29, ECF No. 31-1; Notice PAGEID # 283, ECF No. 38-2. If there are any amounts exceeding $25,000.00, from uncashed settlement checks after the 180-day period, that money will be redistributed to the Settlement Class members. Settlement Agreement ¶ 29, ECF No. 31-1. "Accordingly, any funds to the *cy pres* beneficiary will amount to only a small fraction of the total settlement amount." *Swigart v. Fifth Third Bank*, No. 1:11–cv–88, 2014 WL 3447947, at *4–5 (S.D. Ohio July 11, 2014).

For all of these reasons, the Court **GRANTS** Plaintiff's unopposed motions for approval of attorneys' fees and costs and for final approval of the settlement agreement, ECF Nos. 36 & 38, and **ORDERS** as follows:

1.    The parties' Settlement Agreement is finally approved as fair, reasonable, and adequate, and a fair and reasonable resolution of a bona fide dispute;

2.     Plaintiff's FLSA claims are finally certified pursuant to 29 U.S.C.

§ 216(b), and the following Settlement Class is finally certified pursuant to Fed.

R. Civ. P. 23(a) and (b)(3):

> All current or former employees of Defendant who performed work
> as Drill Pad Support Supervisors at any time between June 9, 2012
> and November 16, 2015;

3.     Plaintiff Justyn Grimsley is finally approved as the Representative of

the Settlement Class, and the proposed service award in the amount of

$10,000.00, for his service to the Class and in exchange for his additional

released claims in favor of Defendant is approved;

4.      Berger & Montague, P.C. and Landskroner Grieco Merriman LLC

are approved as Class Counsel for the Settlement Class;

5.     Plaintiff's request for attorneys' fees in the amount of $108,333.33,

and for costs in the amount of $11,973.90, is finally approved;

6.     The Angeion Group is finally approved as the settlement

administrato,r and the costs of claims administration not to exceed $5,750.00 are

approved;

7.     As provided in the Settlement Agreement, this action is **DISMISSED**

**with prejudice**.  The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

The Court shall retain jurisdiction of this matter for the purpose of implementing and enforcing the Settlement Agreement.

IT IS SO ORDERED.

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT